# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **STEPHANIE CARTER**, <br><br> Plaintiff, <br><br> v. <br><br> **DENIS RICHARD MCDONOUGH**, in his official capacity as United States Secretary of Veterans Affairs, and the **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, <br><br> Defendants. | Case No. 6:22-cv-01275 |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL FACTUAL DEVELOPMENTS

Plaintiff Stephanie Carter ("Plaintiff" or "Ms. Carter") respectfully provides notice to this Court that Rima Bishara, MD, an employee of Defendant United States Department of Veterans Affairs ("VA"), sent an email to Ms. Carter yesterday, December 19, 2022, stating that

> I have been made aware of your request for a religious accommodation dated October 27, 2022 that would permit you not to participate in abortion services (performing, prescribing, or counseling). VA's practice is to grant interim accommodations in such cases where possible, and I apologize that was not made clear to you when you made your request. While we await additional guidance on processing accommodation requests, please know that your request is granted on an interim basis. The granting of this accommodation means that you are not required to participate in abortion services, to include performing, prescribing, or counseling for abortion. No further action is required from either you or the agency for you to receive this interim accommodation. I will be in touch once we have any additional guidance on the accommodations process.

A true and correct copy of Dr. Bishara's December 19, 2022 email is attached hereto as **Exhibit A**.

Dr. Bishara is not Ms. Carter's supervisor and does not work at the Olin E. Teague Veterans' Center in Temple, Texas, which is Ms. Carter's place of employment. To Ms. Carter's knowledge, Dr. Bishara works at a VA facility in Waco, Texas.

On the evening of December 19, 2022, Ms. Carter responded to Dr. Bishara's email and asked "[d]oes the interim accommodation also include my religious objection to working in a facility that provides abortions for reasons other than to protect the life of the mother?" *Id*. Ms. Carter copied her supervisor, Katherine K. Fong, on that email and has not received a response to her inquiry.

Assuming for purposes of this filing that Dr. Bishara has the authority to grant Ms. Carter an interim accommodation from performing, prescribing, or counseling for abortions, Dr. Bishara's email clearly suggests that such an accommodation is temporary, which means it can be amended or revoked at any time. Dr. Bishara acknowledges the temporary nature of the interim accommodation by writing: "I will be in touch once we have any additional guidance on the accommodations process." Offering interim relief for only a portion of Ms. Carter's religious objections supports Ms. Carter's contention that no process is currently in place to address religious accommodations from employees. Such actions also make clear that Defendants have not ended their unlawful conduct.

To resolve this matter, Defendants must demonstrate that their wrongful behavior "could not reasonably be expected to recur." *Franciscan Alliance v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022) (citing *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 425 (5th Cir. 2020)). In an effort to immediately resolve this outstanding question and preserve judicial resources, Plaintiff offered Defendants a consent judgment today, December 20, 2022, that addresses each request for relief Plaintiff is seeking in this action. A true and correct copy of the proposed Stipulated Consent

Judgment and Permanent Injunction and Plaintiff's accompanying email to Defendants are attached hereto as **Exhibit B**. If Defendants execute the consent judgment, it will then be "absolutely clear [that] the allegedly wrongful behavior could not reasonably be expected to recur." *Franciscan Alliance*, 47 F.4th at 376. Plaintiff will immediately notify this Court if the consent judgment is fully executed by the parties. In the meantime, Plaintiff maintains her request for injunctive relief pursuant to her motion for preliminary injunction.

Respectfully submitted this 20th day of December, 2022.

|  |  |
|---|---|
| CHRISTINE K. PRATT*<br>  Florida Bar No. 0100351<br>FIRST LIBERTY INSTITUTE<br>1331 Pennsylvania Ave. NW<br>Suite 1410<br>Washington, DC 20004<br>(202) 921-4105<br>cpratt@firstliberty.org | */s/ Jeffrey C. Mateer*<br>JEFFREY C. MATEER<br>  Texas Bar No. 13185320<br>DAVID J. HACKER<br>  Texas Bar No. 24103323<br>MICHAEL D. BERRY<br>  Texas Bar No. 24085835<br>JUSTIN E. BUTTERFIELD<br>  Texas Bar No. 24062642<br>DANIELLE A. RUNYAN*<br>  New Jersey Bar No. 027232004<br>HOLLY M. RANDALL<br>  Texas Bar No. 24128002<br>FIRST LIBERTY INSTITUTE<br>2001 W. Plano Pkwy., Ste. 1600<br>Plano, Texas 75075<br>(972) 941-4444<br>jmateer@firstliberty.org<br>dhacker@firstliberty.org<br>mberry@firstliberty.org<br>jbutterfield@firstliberty.org<br>drunyan@firstliberty.org<br>hrandall@firstliberty.org<br><br>*   Admitted *pro hac vice*<br><br>*Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, I electronically filed the foregoing document through the Court's ECF system and, pursuant to the Federal Rules of Civil Procedure, will serve a copy on Daniel Schwei, United States Department of Justice, Civil Division, Federal Programs Branch, by email.

*/s/ Jeffrey C. Mateer*
JEFFREY C. MATEER

**EXHIBIT A**

**Carter, Stephanie A.**

| | |
|---|---|
| **From:** | Carter, Stephanie A. |
| **Sent:** | Monday, December 19, 2022 6:08 PM |
| **To:** | Bishara, Rima |
| **Cc:** | Fong, Katherine K. |
| **Subject:** | RE: Accommodation |

Dr. Bishara,

Does the interim accommodation also include my religious objection to working in a facility that provides abortions for reasons other than to protect the life of the mother?

**From:** Bishara, Rima <Rima.Bishara@va.gov>
**Sent:** Monday, December 19, 2022 8:58 AM
**To:** Carter, Stephanie A. <Stephanie.Carter@va.gov>
**Subject:** Accommodation

Dear Ms. Carter,

I have been made aware of your request for a religious accommodation dated October 27, 2022 that would permit you not to participate in abortion services (performing, prescribing, or counseling). VA's practice is to grant interim accommodations in such cases where possible, and I apologize that was not made clear to you when you made your request. While we await additional guidance on processing accommodation requests, please know that your request is granted on an interim basis. The granting of this accommodation means that you are not required to participate in abortion services, to include performing, prescribing, or counseling for abortion. No further action is required from either you or the agency for you to receive this interim accommodation. I will be in touch once we have any additional guidance on the accommodations process.

Please let me know if you have additional questions.

Rima Bishara, MD
ACOS Ambulatory Care (North)
Crisis Line 988, Press 1

1

# EXHIBIT B

**From:** Danielle Runyan <drunyan@firstliberty.org>
**Date:** Tuesday, December 20, 2022 at 5:55 PM
**To:** <daniel.s.schwei@usdoj.gov>
**Cc:** Jeff Mateer <jmateer@firstliberty.org>, David Hacker <dhacker@firstliberty.org>, Justin Butterfield <jbutterfield@firstliberty.org>, Mike Berry <mberry@firstliberty.org>, Christine Pratt <cpratt@firstliberty.org>, Holly Randall <hrandall@firstliberty.org>
**Subject:** Carter v. McDonough, Case No. 6:22-cv-01275 - Stipulated Consent Judgment and Permanent Injunction

Dear Mr. Schwei,

Attached, please find Plaintiff's Stipulated Consent Judgment and Permanent Injunction in the matter *Carter v. McDonough*, Case No. 6:22-cv-01275. Please let us know if you have any questions. If Defendants agree with the terms, please sign the consent judgment and we will file it with the Court.

Thank you.

Respectfully,

Danielle

**Danielle Runyan**
Counsel
drunyan@firstliberty.org

**First Liberty Institute**
*Restoring Religious Liberty for all Americans*



2001 W Plano Pkwy
Suite 1600
Plano, TX 75075
FirstLiberty.org

CONFIDENTIALITY NOTICE:

This electronic mail message and any accompanying documents contain information belonging to the sender which is confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (972-941-4444) to advise me that you received it. Thank you. PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **STEPHANIE CARTER**, | |
| Plaintiff, | |
| v. | |
| **DENIS RICHARD MCDONOUGH**, in his official capacity as United States Secretary of Veterans Affairs, and the **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, | Case No. 6:22-cv-01275 |
| Defendants. | |

## <u>STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION</u>

WHEREAS, on December 13, 2022, Plaintiff Stephanie Carter ("Plaintiff") initiated this action by filing a Complaint against Defendants Secretary of Veterans Affairs ("Secretary") and Department of Veterans Affairs ("VA") (collectively "Defendants");

WHEREAS, Plaintiff's Complaint alleges that Defendants' application of an Interim Final Rule titled Reproductive Health Services, 87 Fed. Reg. 55,287, dated September 9, 2022,  ("Rule") violates Plaintiff's rights under the Religious Freedom Restoration Act and the First Amendment to the United States Constitution;

WHEREAS, Plaintiff's Complaint requested, among other relief, that this Court issue a preliminary and permanent injunction enjoining Defendants from applying the Rule to Plaintiff and enforcing the Rule at the Olin E. Teague Veterans' Center in Temple, Texas ("Temple VA facility"); and

WHEREAS Plaintiff and Defendants ("Parties") have reached an agreement for resolution of this matter as of December __, 2022, as follows:

1. Defendants and all of their agents and employees ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from:

   a. Applying the Rule to Plaintiff; and

   b. Enforcing the Rule at the Temple VA facility.

2. As a result of this permanent relief, Plaintiff's Complaint is DISMISSED with prejudice.

3. Defendants irrevocably and fully waive any and all rights to appeal this Stipulated Consent Judgment and Permanent Injunction.

4. All claims and defenses asserted by any of the Parties in this case are hereby resolved by this Stipulated Consent Judgment and Permanent Injunction.

5. This Court shall retain continuing jurisdiction over the Parties and this action for purposes of enforcing this Stipulated Consent Judgment and Permanent Injunction.

**IT IS SO ORDERED**.

Dated: December _____, 2022

_____
Hon. Alan D. Albright
United States District Judge

Submitted jointly by:

Dated: December _____, 2022


CHRISTINE K. PRATT*
  Florida Bar No. 0100351
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave. NW
Suite 1410
Washington, DC 20004
(202) 921-4105
cpratt@firstliberty.org

_____

JEFFREY C. MATEER
  Texas Bar No. 13185320
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN E. BUTTERFIELD
  Texas Bar No. 24062642
DANIELLE A. RUNYAN*
 New Jersey Bar No. 027232004
HOLLY M. RANDALL
 Texas Bar No. 24128002
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
(972) 941-4444
jmateer@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

*   Admitted *pro hac vice*

*Attorneys for Plaintiff*

Dated: December _____, 2022


_____
By:
United States Department of Justice
Civil Division
1100 L Street NW, Room 11532
Washington, DC 20005

*Attorneys for Defendants*