IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| STEPHANIE CARTER,<br><br>                Plaintiff,<br><br>   v.<br><br>DENIS RICHARD MCDONOUGH, in his official capacity as United States Secretary of Veterans Affairs, and the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>                Defendants. | Civil Action No. 6:22-cv-1275-A |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendants respectfully move this Court under Local Rule CV-7(b) and (e) for leave to file a Sur-Reply in Opposition to Plaintiff's Motion for a Preliminary Injunction, to address a new argument raised for the first time in Plaintiff's reply brief and accompanying supplemental declaration (ECF Nos. 41, 41-1). Pursuant to Local Rule CV-7(g) Defendants have conferred with counsel for Plaintiff and Plaintiff does not oppose this request.

In her Complaint (ECF No. 1), Motion for a Preliminary Injunction (ECF No. 13), and initial declaration (ECF No. 13-2 at 6-11), Ms. Carter alleged that she faced two substantial burdens on her exercise of religion as a result of the VA's Interim Final Rule authorizing abortion care in limited circumstances: that she (1) "cannot perform, prescribe, or counsel for abortions," or (2) "work in a facility in which abortions are performed for reasons other than to save the life of the mother." Pl.'s Appx. ECF No. 13-2 at 8 ¶ 14; *see also* PI Mot. at 14-15. However, in her reply brief and supplemental declaration, Plaintiff now claims that a state law requirement—specifically, a Texas Board of Nursing reporting requirement—allegedly burdens her religious conscience. Pl.'s Supp. Decl. at ¶ 4; *see also* Pl.'s Reply at 16-17 ("Ms. Carter is being forced to either abandon her calling . . . or maintain her

career and continue to have her religious beliefs substantially burdened by the State's requirement to report other nurses for violating State abortion laws[.]").

Previously, Ms. Carter relied on the Texas Board of Nursing reporting requirement only to argue that VA's Interim Final Rule was arbitrary and capricious, and exposed her to irreparable harm. *See* PI Mot. at 24-25, 36. Prior to her reply brief and supplemental declaration, she did not claim that compliance with the reporting requirement *itself* constituted a substantial burden on her religious exercise. *Compare id.* at 14-15, *with* Pl.'s Reply at 16-17. Plaintiff cannot recraft her Complaint by alleging an entirely new burden in her reply brief. *See, e.g.*, *Democracy N. Carolina v. N. Carolina State Bd. of Elections*, No. 1:20-CV-457, 2020 WL 4288103, at *8 (M.D.N.C. July 27, 2020) (striking portions of reply declaration that included "previously undisclosed details of a hardship" because it presented "new evidence in support of the original motion"); *Aldridge v. Marion Cnty. Coal Co.*, No. 1:17CV79, 2017 WL 3446530, at *5 (N.D.W. Va. Aug. 10, 2017) ("Reply affidavits should not present new issues to which the opposing party will not have an opportunity to respond."). This new argument, raised for the first time in a reply brief, should be considered waived. *See, e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.")

To the extent the Court does not intend to deem this argument waived, however, the United States should have an opportunity to respond to the new arguments raised in, and new evidence submitted in connection with, Plaintiff's Reply. *See Johnson v. Sw. Research Inst.*, No. 5:15-CV-00297-RCL, 2019 WL 2234791, at *4 (W.D. Tex. May 23, 2019) ("Because [plaintiff's reply] . . . presented new evidence in support of her request, the Court will grant [defendant's] motion to file a surreply"); *Johnson Controls, Inc. v. A.M. Goodson Co.*, No. SA-04-CA-473-FB, 2006 WL 8434171, at *2 (W.D. Tex. Mar. 8, 2006) (overruling objections to consideration of sur-reply when sur-reply was filed to address new evidence attached to movant's reply brief). Accordingly, the United States respectfully requests leave to file the attached sur-reply.

Dated: January 30, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

DANIEL SCHWEI
Special Counsel

*/s/ Anna Deffebach*
ANNA DEFFEBACH (D.C. Bar No. 241346)
LISA NEWMAN (TX Bar No. 24107878)
ALEXANDER N. ELY
MICHAEL CLENDENEN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 993-5182
Anna.l.deffebach@usdoj.gov

*Counsel for the United States*

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred via email with counsel for Plaintiff regarding the relief requested in this motion. Counsel indicated that Plaintiff is not opposed to the requested relief.

*/s/ Anna Deffebach*
Anna Deffebach

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I electronically filed the foregoing document through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Anna Deffebach*
Anna Deffebach
