**FILED**

January 31, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **lad**

DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| STEPHANIE CARTER, | |
| Plaintiff, | |
| v. | |
| DENIS RICHARD MCDONOUGH, in his official capacity as United States Secretary of Veterans Affairs, and the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | Civil Action No. 6:22-cv-1275-A |
| Defendants. | |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff's reply in support of her motion for a preliminary injunction (ECF No. 41) raises a new theory of substantial burden in connection with her Religious Freedom Restoration Act (RFRA) claim. In her complaint and motion, Plaintiff alleged that it violates her religious beliefs "to counsel for and provide abortion services," and "to work in a facility that participates in abortion for reasons other than to save the life of the mother." Pl.'s Mot. (ECF No. 13), at 16; *see* Compl. (ECF No. 1) ¶¶ 168-69. But in her reply brief and accompanying supplemental declaration, she presents a new claim based on a new alleged burden—not present in her earlier filings and not supported by her initial declaration about her religious conscience—that her religious conscience is burdened by a state-law requirement to make reports to the Texas Board of Nursing. *Compare* Pl.'s Decl. (ECF 13-2) at ¶ 14 *with* Pl.'s Supp. Decl. (ECF No. 41-1) at ¶ 4 ("[I]t would violate my religious conscience if I were forced to report other nurses for performing abortion services at the Temple VA facility pursuant to the State of Texas Board of Nursing requirements.").

Ms. Carter cannot amend her Complaint through a reply brief to allege a new burden on her religious exercise, and this Court should not consider her new claim. *See, e.g., Jones v. Cain*, 600 F.3d

527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *see also Cobb v. Cap. One Bank (US) Nat'l Ass'n*, No. 1:21-CV-131-MPM-DAS, 2022 WL 4241277, at *2 (N.D. Miss. Sept. 14, 2022) ("improper for plaintiffs to seek to effectively amend their complaint through their *briefing*") (emphasis in original). In any event, Plaintiff's new theory does not cure the defects in her RFRA claim, for several reasons.

First, as Plaintiff acknowledges, the alleged burden is imposed by a *state* law reporting requirement, not by the VA policy she challenges here. *Cf. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 720 (2014) (finding a substantial burden based on a "mandate" imposed by the federal government "demand[ing] that [plaintiffs] engage in conduct that seriously violates their religious beliefs"). Plaintiff claims that the Texas Board of Nursing imposes mandatory reporting requirements on all state-licensed nurses to report "other nurses for violating state abortion laws," Pl.'s Reply at 17, and that the burden of reporting abortions to the Texas Board of Nursing violates her religious beliefs. But this alleged burden from having to file reports, even if true, is imposed not by the VA, but by the Texas Board of Nursing, and VA is not responsible for the requirements imposed by Texas law. *See* Pl.'s Reply, at 16 ("the *Texas Board of Nursing requires*"), 17 ("her religious beliefs substantially burdened *by the State's requirement* to report"), 21 (worried about being "subject to liability *by the Texas Board of Nursing*" and that "*the Texas Board of Nursing* could take punitive action against her") (emphases added). If Ms. Carter believes that compliance with the Texas Board of Nursing reporting requirement would violate her religious exercise and she fears enforcement of that reporting requirement, her recourse would be to challenge Texas's reporting requirement directly—not to bring an ancillary claim against VA's IFR governing its own services. A party whose religious exercise is being burdened by state law does not gain the ability to challenge a federal action (or any other employer's action) simply because she believes that action may increase the likelihood of a state law penalty; in that scenario, it remains the *state* law that substantially burdens religious exercise. *See, e.g., Inclusive Cmtys. Project, Inc. v. Dep't of*

*Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (holding that "injuries can't be 'the result of the independent action of some third party not before the court'") (citation omitted)). Article III "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42 (1976).

Second, and relatedly, granting Plaintiff's requested relief would not alleviate the burden allegedly imposed by the Texas Board of Nursing reporting requirements. As Plaintiff acknowledges, "the Texas Board of Nursing requires Ms. Carter to report the illegal acts of *other nurses*," Pl.'s Reply at 16 (emphasis added), not just those employed at the Temple VA facility. Thus, Ms. Carter will remain subject to the Texas Board of Nursing reporting requirements regardless of whether the Court grants her requested relief in this case. Under Ms. Carter's theory, she will remain required to report (and thereby have her religious exercise burdened) every time she learns of *any* abortion illegal under Texas law performed by a nurse at *any facility* anywhere in Texas—whether she learns of the abortion through friends, neighbors, social media, local news, or VA coworkers. And the VA IFR does not require Plaintiff to be informed of any abortions performed at the Temple VA, nor does Ms. Carter allege any such requirement. This alleged burden on her religious exercise is therefore not caused by VA, nor could it be cured by any change in VA policy or relief against the VA IFR.

Third, Plaintiff still fails to adequately explain the alleged burden she claims is imposed on her by state law. *See Holt v. Hobbs*, 574 U.S. 352, 361 (2015) (plaintiff bears "the burden of proving" that challenged policy substantially burdens her exercise of religion). For one, she does not address Defendants' prior explanation that Texas cannot sanction federal employees for performing their federal functions, whether through criminal prosecution, license revocation proceedings, or civil litigation. *See* Defs.' PI Opp'n at 42 & n.6. VA's regulations provide that state laws that "unduly interfere[]" with VA health care professionals' federal duties are preempted. 38 C.F.R. § 17.419(b)(1);

*see id.* § 17.419(c); *see also* U.S. Const. art. VI, § 2. Because federal law applies to the provision of VA medical services, and federal law preempts state law, none of the abortions authorized by the IFR would violate Texas law because Texas law simply does not apply to the VA's provision of medical care. *See Reproductive Health Services* 87 Fed. Reg. 55,287, 55,294 (Sept. 9, 2022) ("[A] State or local civil or criminal law that restricts, limits, or otherwise impedes a VA professional's provision of care permitted by [the IFR] would be preempted."). Because the abortion care authorized by the IFR and performed at the Temple VA facility would be entirely consistent with federal law, there would be no "illegal acts" for Plaintiff to report. *See* Pl.'s Reply at 21. Moreover, Texas law does not actually require Plaintiff to report the purportedly "illegal acts of other nurses." *Id.* Instead, Texas law requires a report only when another nurse's conduct "violates this chapter or a board rule *and* contributed to the death or serious injury of a patient," or "constitutes abuse . . . or a violation of professional boundaries[.]" Tex. Occ. Code § 301.401(1)(A), (C) (emphasis added). Plaintiff has not identified any applicable chapter or board rule that would be violated by an abortion performed in the limited circumstances authorized by VA's IFR (many of which would be consistent with Texas law, *see* Tex. Health & Safety Code § 170A.002(b)(2)), nor has she provided any other basis for believing that an abortion authorized by the IFR would meet any of the other criteria in the mandatory reporting requirements. Thus, Plaintiff has offered (at most) only speculation that she may one day be required to file a report stemming from any conduct occurring at the Temple VA facility.

Finally, Plaintiff's new theory of substantial burden—that she is required to file administrative reports about *others'* conduct to which she has a religious objection—is likewise not cognizable under RFRA, even if the reporting requirement were somehow attributable to VA. Ms. Carter contends that her "crisis of conscience continues since other nurses at the Temple VA facility are engaging in abortion services," Pl.'s Reply at 16, but such an objection to other VA employees' conduct is not cognizable under RFRA. *See* Defs.' PI Opp'n at 22-26. Additionally, Plaintiff's most recent description

4

of her religious belief is that she "must now abstain from any connection to abortion," Pl.'s Suppl. Decl. ¶ 3, but she nowhere explains how filing an administrative report—which she acknowledges is for the purpose of "seek[ing] to *prevent*" abortions, Pl.'s Reply at 21 (emphasis added)—constitutes a "connection to abortion" implicating her religious exercise. *Cf. Kaemmerling v. Lappin*, 553 F.3d 669, 679 (D.C. Cir. 2008) (court accepts factual allegations that a plaintiff's "beliefs are sincere and of a religious nature—but not the legal conclusion, cast as a factual allegation, that his religious exercise is substantially burdened"). Indeed, filing an administrative report to prevent future abortions is no different than Plaintiff's action in filing this lawsuit, seeking to prevent those very same abortions. Plaintiff asserts that the reporting requirement "requires Ms. Carter to repeatedly interact with the abortions taking place at her place of work," Pl.'s Reply at 16, but neither the reporting requirement nor VA's IFR requires Ms. Carter to "interact" with the abortions in any way; she is free to remain ignorant of whether any abortions ever occur and incur no reporting obligations as a result.  Thus, even if her shifting descriptions of her religious obligations are credited, *cf. Ramirez v. Collier*, 142 S. Ct. 1264, 1278 (2022) ("evolving litigation positions" may undermine claim of "sincere religious exercise"), the administrative reporting requirement—pertaining only to others' conduct— does not impose a cognizable burden on Ms. Carter's religious exercise. *See E. Tex. Baptist Univ. v. Burwell*, 793 F.3d 449, 459 (5th Cir. 2015) (holding that plaintiffs failed to show a substantial burden of religious exercise because "the acts *they* are required to perform do not include providing or facilitating access to contraceptives" and "[i]nstead, the acts that violate their faith are those of third parties"), *vacated and remanded sub nom. Zubik v. Burwell*, 578 U.S. 403 (2016); *cf. Tilton v. Richardson*, 403 U.S. 672, 689 (1971).

Because Plaintiff's new theory alleges a burden that is not imposed by VA, is not related to any VA policy, and is not legally supported under RFRA, this new theory is not a basis for enjoining

the IFR at the Temple VA facility.  Even if Plaintiff had preserved arguments related to this alleged

burden, therefore, Plaintiff's RFRA claim would still fail.


Dated: January 30, 2023                          Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 BRIAN D. NETTER
                                                 Deputy Assistant Attorney General

                                                 DANIEL SCHWEI
                                                 Special Counsel

                                                 */s/ Anna Deffebach*
                                                 ANNA DEFFEBACH (D.C. Bar No.
                                                 241346)
                                                 LISA NEWMAN (TX Bar No. 24107878)
                                                 ALEXANDER N. ELY
                                                 MICHAEL CLENDENEN
                                                 Trial Attorneys
                                                 U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street, N.W.
                                                 Washington, D.C. 20005
                                                 Tel: (202) 993-5182
                                                 Anna.l.deffebach@usdoj.gov

                                                 *Counsel for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2023, I electronically filed the foregoing document through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Anna Deffebach*
Anna Deffebach